### LESLIE et al. v. GINSBERG et al.

(Supreme Court, Appellate Term. February 5, 1909.)

WORK AND LABOR (§ 28*) — EVIDENCE—SUFFICIENCY—AMOUNT OF RECOVERY—PLEADINGS AND PROOF.

In an action to foreclose a mechanic's lien, in which plaintiffs failed to show performance of the contract, evidence *held* insufficient to warrant a recovery of $390 against defendant on the theory of a quantum meruit.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. § 55; Dec. Dig. § 28.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Robert L. Leslie and another against Rae Ginsberg and others. From a judgment for plaintiffs, defendants appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

Bernard H. Arnold, for appellants.
Hugo S. Mack, for respondents.

PER CURIAM. This action was originally brought to foreclose a mechanic's lien. The lien was dismissed, and the plaintiffs have recovered a personal judgment against the defendant Ginsberg.

The complaint alleges that the plaintiffs performed work and furnished materials at the agreed price of $400. The answer put in issue the plaintiffs' claim of performance, and pleaded a counterclaim for $250 damages alleged to have been caused by the plaintiffs' breach of the contract. The plaintiffs failed to prove performance, and neither pleaded nor attempted to prove that performance was waived or excused. The court below awarded the plaintiffs judgment for $390, although the mechanic's lien declared that "the amount unpaid to the lienor * * * is $400, of which $200 has been earned." The plaintiffs could not recover upon the theory that they performed the contract, and in view of the statement contained in the lien that $200 had been earned, and the other evidence, they did not show that upon the theory of a quantum meruit they were entitled to the amount for which the court awarded them judgment.

It is undisputed that they did not do all the work which they agreed to do for $400, and that the defendant could not have paid them the amount they claimed and completed the work for the contract price. The plaintiffs attempted to show that they did "extra work"; but the evidence in reference to it is not of a convincing character, and the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

complaint rests the plaintiffs' claim upon the ground that they performed the contract, and not upon the ground that they performed extra work.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.